UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 07-108-02-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| BRANDON SCOTT COLLINS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a Report and Recommendation or "R&R") [R. 172] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Brandon Scott Collins, allegedly violated the terms of his supervised release, and a summons issued based on those alleged violations. [R. 165.] This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter. [R. 166.]

Pursuant to the referral order, Judge Ingram conducted a final revocation hearing on September 30, 2010. [*See* R. 169]. At this hearing, Collins stipulated to the violation as outlined in the Supervised Release Violation Report dated September 14, 2010. [*See id.*] The parties presented a joint recommendation, not binding on the court, of revocation and imposition of a term of imprisonment within the appropriate range under Chapter Seven of the United States Sentencing Guidelines. [*See* R. 172.] The parties reached no agreement concerning any term of supervised release. [*See id.*]

On October 8, 2010, Judge Ingram issued his R&R, recommending revocation and

incarceration for ten months, within the guideline range, and an additional supervised release term of eighteen months. [R. 172 at 7-8.] The R&R directs the parties' attention to the relevant statute which requires any objections to be filed within fourteen (14) days of service. [*Id.* at 8.] *See* 28 U.S.C. § 636(b)(1). As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition, with one alteration. The Court declines to lift Special Condition of Supervision 2 of the March Judgment.[1] [*See* R. 142.]

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 172] as to Brandon Scott Collins is **ADOPTED** as and for the Opinion of the Court, except to the extent otherwise noted;

2. The Defendant, Brandon Scott Collins, is found to have violated the terms of his Supervised Release as set forth in Violation Number 1 of the Petition filed by the United States

---

[1] Special Condition of Supervision 2 provides that "[t]he defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision."

Probation Office ("USPO") [*See* R. 165];

       3.       The Defendant's Supervised Release is **REVOKED;**

       4.       The Defendant, Brandon Scott Collins, is **SENTENCED** to the custody of the Bureau of Prisons for a term of imprisonment of **ten (10) months**, with Defendant to receive access to suitable drug treatment, if reasonably available and if sought by Defendant, during custody;[2]

       5.       The Defendant is further sentenced to an additional supervised release term of eighteen (18) months. The conditions of supervised release shall be the same as those originally imposed by the Court's Judgment dated March 10, 2010 [R. 142], except that:

       A.       The USPO shall enroll Collins in the WestCare inpatient drug treatment program in Pike County, Kentucky, **immediately** upon commencement of the supervised release term; and

       B.       Special Conditions of Supervision 1 and 3 of the Court's March 10, 2010 Judgment [R. 142] shall be lifted as the result of the conditions described immediately above. Special Condition of Supervision 2 [*see id.*] remains applicable;

       6.       The Defendant's Motion to Cancel Court's Hearing [R. 175] is **GRANTED**;

       7.       The allocution hearing currently set for November 17, 2010 [*see* R. 173] is **CANCELLED**; and

       8.       Judgment shall be entered promptly.

This the 15th day of November, 2010.

---

[2] The Court notes that the Defendant filed a Waiver of his right to allocution before the district court. [R. 174, Attach. 1.] In light of that Waiver, the Defendant filed a Motion to Cancel [R. 175] the allocution hearing set for November 17, 2010; that motion will be granted.



Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**